IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:17cr276-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| (2) DAMONTE WITHERS ) | |
| a/k/a 'Tony da Boss" | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **A forfeiture money judgment in the amount of $156,968.78, such amount constituting the proceeds that Defendant personally obtained as a result of the bank fraud conspiracy defense to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied;**
>
> **Two (2) Credit Card Embossers;**
>
> **Two (2) Primacy Plastic Card Printers, serial numbers: 10000567644 and 10000536859;**
>
> **Five (5) Apple iPhone 7 Plus (128GB), serial numbers: F2TT3FDSHFY1, F2LTP0HQHFYD, F2LTK30NHFY1, FCJTN46QHFYC and F2LTN3HAHFYD;**
>
> **One (1) Apple iPad Pro, serial number DMPTM03QGXPX;**
>
> **One (1) Toshiba Satellite P205-S6307 Laptop Computer, serial number 67267172K;**
>
> **One (1) iPhone 7 (128GB), serial number DPTM6ZFHG7N;**

**One (1) Magnetic Stripe Credit Card Reader/Writer;**

**One (1) Money Counter, Model RBC-1003BK;**

**Two (2) Apple Macbook Pro Laptop Computers, serial numbers C02P42KUG3QK and C02QXHX5FVH3;**

**One (1) HP Laptop Computer, serial number 5CD6512DB1;**

**One (1) Dell Inspiron Laptop Computer, serial number 62XTVB2;**

**One (1) Acer Laptop Computer, serial number 64300702826;**

**Approximately $9501.00 in U.S. Currency; and**

**One (1) gold and jewel medallion and chain depicting an image of the globe and the word "Da Boss World", seized during the investigation.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
DALLAS J. KAPLAN, ESQ.
Assistant United States Attorney

_____
DAMONTE WITHERS
Defendant

_____
KENNETH SNOW, ESQ.
Attorney for Defendant

Signed this the 22nd day of June, 2018

_____
THE HONORABLE DAVID ~~C. KEESLER~~ S. CAYER
UNITED STATES MAGISTRATE JUDGE